

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00181-CV

IN THE MATTER OF THE MARRIAGE OF
LEZLIE SUZANNE RAMSEY AND RAMSAY ALLEN RAMSEY

On Appeal from the 361st District Court
Brazos County, Texas[1]
Trial Court No. 12-002915-CVD-361, Honorable Steven Lee Smith, Presiding

July 30, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant Ramsay Allen Ramsey appeals from a judgment in a divorce action. We affirm the judgment of the trial court.

Background

Ramsay Allen Ramsey and Lezlie Suzanne Ramsey were married in 1993 and had two children. In 2012, Lezlie filed a petition for divorce. Ramsay counter-petitioned for divorce in April of 2013.

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Tenth Court of Appeals. See TEX. GOV'T CODE ANN. § 73.001 (West 2013).

Following a jury trial from January 9 through January 13, 2017, the trial court entered a final decree of divorce. Ramsay perfected this appeal. He raises no complaints about the granting of divorce or the division of property, but he seeks a reversal of the judgment and remand for a new trial.

Analysis

Denial of Motion to Recuse

Ramsay raises four issues by this appeal. In his first issue, he asserts that the trial court abused its discretion in denying his motion to recuse Judge Steven Smith.

Rule 18b of the Texas Rules of Civil Procedure provides that a judge must recuse in any proceeding in which the judge's impartiality might reasonably be questioned or where the judge has a personal bias or prejudice concerning the subject matter or a party. TEX. R. CIV. P. 18b(b)(1), (2). Recusal based on an allegation of bias "is appropriate *only if* the movant provides sufficient evidence to establish that a reasonable person, knowing all the circumstances involved, would harbor doubts as to the impartiality of the judge." *Abdygapparova v. State*, 243 S.W.3d 191, 198 (Tex. App.—San Antonio 2007, pet. ref'd). A denial of a motion to recuse is reviewed for abuse of discretion on appeal. TEX. R. CIV. P. 18a(j)(1)(A). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)).

Ramsay filed a motion to recuse Judge Smith on May 23, 2014. Ramsay alleged that the judge's impartiality could reasonably be questioned and that the judge could

2

reasonably be perceived to have a personal bias in favor of Lezlie and against Ramsay. Judge Olen Underwood conducted a hearing on Ramsay's motion. At the hearing, Ramsay presented testimony from four witnesses regarding a phone call that Judge Smith made to the intermediate school where one of the witnesses worked as a teacher. Their testimony indicated that Judge Smith called the school on May 21 and spoke with the school's receptionist and the principal's secretary about the teacher's need to attend a hearing on Lezlie's Second Motion for Enforcement of Temporary Orders with Contempt on May 23. The secretary testified that Judge Smith told her that the teacher had to appear in court on May 23 and that he would send a car from the court to the school to get her if necessary. The secretary relayed the message to the school's principal, who then discussed it with the teacher. The teacher testified that she then called both Lezlie's counsel and the court for clarification. She explained that she had been subpoenaed to attend a hearing on May 1, but that hearing was canceled so she did not go to court that day. She did not receive any subsequent subpoena or notice about a hearing on May 23 until Judge Smith's call. She testified that she felt embarrassed and harassed by the judge's call to her workplace. Lezlie's counsel stated that she had "asked the Court what to do procedurally when a witness doesn't show up," but that she did not ask Judge Smith to do anything himself. At the conclusion of the hearing, Judge Underwood denied the motion to recuse.

In his appellate brief, Ramsay argues that Judge Smith's call to a witness's workplace amounted to "climbing down from the bench to assist [Lezlie]." He asserts that a reasonable member of the public, knowing the facts of Judge Smith's conduct, would question the judge's impartiality. Therefore, he contends, Judge Underwood abused his discretion in denying the motion to recuse.

3

A judge may properly intervene in proceedings to maintain control and promote the expedition of matters. *See Food Source, Inc. v. Zurich Ins. Co.*, 751 S.W.2d 596, 600 (Tex. App.—Dallas 1988, writ denied). However, a judge should not attempt to expedite matters by departing from accepted procedures and personally interceding on behalf of a party. *See, e.g., In re Barr*, 13 S.W.3d 525, 553 (Tex. Rev. Trib. 1998) (op. on reh'g) ("We clearly, absolutely, unequivocally, and unanimously condemn the use of self-help or other personal intervention on the part of a judge in an effort to enforce a judicial order when established judicial remedies are available."). Moreover, a judge should be fair and impartial and should not act as an advocate for or adversary against any party. *Metzger v. Sebek*, 892 S.W.2d 20, 38 (Tex. App.—Houston [1st Dist.] 1994, writ denied); *CNA Ins. Co. v. Scheffey*, 828 S.W.2d 785, 792 (Tex. App.—Texarkana 1992, writ denied) ("Judicial decisions rendered under circumstances that suggest bias, prejudice or favoritism undermine the integrity of the courts, breed skepticism and mistrust, and thwart the principles on which the judicial system is based.").

In this case, Judge Smith's intervention in Lezlie's effort to secure a witness's attendance at a hearing was inappropriate and we do not condone such action. However, we cannot say that this conduct reflects such a high degree of favoritism that it necessarily would cause a reasonable person to question the judge's impartiality. When judicial conduct serves as the basis for a recusal motion, the movant is required to show a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994). Ramsay does not identify how Judge Smith's actions demonstrate such deep-seated favoritism toward Lezlie, or antagonism toward him, that a fair trial was impossible. Judge Smith's conduct, while unquestionably imprudent, does not reflect the pervasive bias that requires

4

recusal.[2]  Accordingly, we conclude that Judge Underwood did not abuse his discretion by denying Ramsay's motion to recuse.  Ramsay's first issue is overruled.

Denial of Opportunity to be Heard

In his second issue, Ramsay asserts that the trial court denied him an opportunity to be heard, thereby denying him due process, because it arbitrarily and capriciously refused to hear any motion he filed after July 16, 2014.  According to Ramsay, the trial court barred him from obtaining any relief from and after that date.  He lists a number of pleadings which he claims he filed and requested be set for hearing, which the trial court refused to entertain.  We disagree with Ramsay's claim.

First, we note that at least two of Ramsay's motions were scheduled for hearing on February 20, 2015.  Ramsay's ability to secure a setting for these motions belies his claim that the trial court refused to consider any of his requests for relief.  Ramsay's counsel canceled the February 20 setting herself and it was her obligation, not the trial court's, to reset the hearing.

Second, and related to the first point, the record reflects that the trial court granted Ramsay at least some of the relief he requested in these pleadings.  For example, Ramsay sought to decrease his support obligations through a modification of the temporary orders.  The trial court did reduce Ramsay's temporary support obligation from $2,750 to $2,300 per month.

---

[2] Ramsay does assert that Judge Smith violated the provisions of the Texas Code of Judicial Conduct regarding ex parte communications.  Violations of the Code may provide a basis for disciplinary action against a judge, but they do not necessarily require recusal.  *See Ludlow v. DeBerry*, 959 S.W.2d 265, 270 (Tex. App.—Houston [14th Dist.] 1997, no writ).

Third, and most importantly, to be entitled to appellate review of a claim of denial of due process, a party must raise that claim in the trial court. TEX. R. APP. P. 33.1; *In re L.M.I.*, 119 S.W.3d 707, 710-11 (Tex. 2003). We find no legal argument by Ramsay before the trial court about a constitutional claim.

Ramsay's due process argument is based on statements by the trial court at two hearings. On July 16, 2014, the trial court advised Ramsay's counsel, "[T]here will not be a hearing on your deal until she's got her discovery." And at another hearing on September 10, 2015, the trial court stated, "I thought that I made it very clear at the hearings that there weren't going to be settings unless discovery had been complied with."[3] In both instances, Ramsay's counsel raised no objection or complaint regarding the trial court's statement. Instead, she appears to acquiesce to the action. At the 2014 hearing, the following exchange occurred:

> The Trial Court: Well, obviously – we will not – there will not be a hearing on your deal until she's got her discovery.
>
> Ramsay's Counsel: As far as the hearing on the de novo thing that we've been talking about, do you have an order that you usually sign for those or do you want me to send you one?
>
> The Trial Court: You can send me one. And I think what I have done in this case is I have basically made the decision by setting his ability to pay at $2,300 a month.
>
> Ramsay's Counsel: Then we'll obtuse on that.

---

[3] Ramsay also claims that the trial court's coordinator informed him that the trial court instructed the coordinator not to set any of Ramsay's matters for hearing until he had complied with Lezlie's discovery requests; however, the portion of the record cited by Ramsay in support of this claim does not corroborate Ramsay's assertion.

The trial court then explained that, going forward, Ramsay was to pay $2,300 per month rather than the $2,750 previously ordered by the family law associate judge. Ramsay's counsel responded, "Okay."

At the September 10, 2015, hearing, Ramsay's counsel again raised the issue of obtaining a setting on her motion to modify the temporary orders. Following a discussion of Ramsay's discovery responses (in which Ramsay's counsel stated that Ramsay had now complied with discovery, but Lezlie's counsel stated that he had not), Ramsay's counsel expressed that she did not realize Lezlie's counsel wanted a "formal response" to her discovery requests. She then concluded the discussion with, "But, Judge, we have – I want you to know we have been working on it."

It is in no way apparent from the record that Ramsay attempted to raise a due process challenge. Under the Texas Rules of Appellate Procedure, a party must preserve error by presenting to the trial court a timely request, motion, or objection, stating the specific grounds therefor, and obtaining a ruling. TEX. R. APP. P. 33.1. Because Ramsay failed to object or otherwise call the trial court's attention to his constitutional claim, we hold that the due process argument Ramsay raises here was not preserved below. Accordingly, Ramsay's second issue is overruled.

Reduction of Trial Time

In his third issue, Ramsay contends that the trial court denied him due process when it reduced the time allowed for trial "by half." He claims that the trial court took a five-day jury trial and reduced it to a two-day trial, denying him an opportunity to be heard in a meaningful time and in a meaningful manner. We reject this argument.

The trial court has great discretion over the conduct of the trial. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001). A trial court may properly intervene to maintain control in the courtroom, to expedite the trial, and to prevent what it considers to be a waste of time. *Id.* at 241; *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936) (trial court has the inherent power to control the disposition of its cases with economy of time and effort for itself, for counsel, and for litigants).

Here, the record reflects that the case was set for a five-day jury trial and that, in fact, the trial began on Monday, January 9, 2017, and concluded on Friday, January 13, 2017—a five-day period. The trial court allocated nine hours and fifteen minutes per side for the presentation of their cases within this timeframe.[4]

The record of the pretrial hearing—and, indeed, the records of numerous other proceedings since the 2012 inception of this case—reveals that the trial court was familiar with the parties and their conduct as witnesses. When it imposed the time limits, the trial court stated, "I'm exercising my authority under the Rules of Evidence to put a mode and order of interrogation of witnesses and to limit time and I'm doing that." The trial court noted that both parties "have a tendency to not answer the question" and directed them not to "beat around the bush." It is clear that the trial court's limitations were imposed in an effort to have the case submitted to the jury in an efficient manner.

Moreover, although Ramsay asserts that he was unable to present evidence of his claimed $627,000 in damages due to the time limits imposed by the trial court, the record does not bear out this claim. First, the record indicates that Ramsay was unable to

---

[4] Ramsay claims that the reduction in trial time demonstrates an "unabated, capricious partiality" against him. We are unpersuaded that the trial court's action indicates any antagonism toward him or favoritism toward Lezlie. The time constraints imposed on Ramsay were the same time constraints imposed on Lezlie.

8

present this evidence as planned because the witness he intended to sponsor it was not qualified and had not been designated as a witness who would testify on financial issues. Second, Ramsay then attempted to present the evidence through another witness: Lezlie. To the extent that he was unable to do so due to time constraints, he was required to make an offer of proof of the evidence he was prevented from presenting. *See In re A.E.A.*, 406 S.W.3d 404, 420 (Tex. App.—Fort Worth 2013, no pet.) (when a trial court limits the amount of time a party has to present its case, thereby preventing a party from presenting all of its evidence, the party must object and make an offer of proof of the evidence it was prevented from presenting to preserve error). Ramsay has not directed us to record evidence that he made an offer of proof concerning evidence that was excluded due to the time constraints. Therefore, we have nothing to review regarding additional evidence.

We conclude that the trial court acted within its authority in managing the trial's time limits. We overrule Ramsay's third issue.

Disqualification of Trial Court

In his final issue, Ramsay argues that the trial court was disqualified because it exhibited pervasive bias. In support of this argument, Ramsay restates his allegations of partiality raised in the previous three issues. However, Ramsay's charge of judicial bias is misplaced in a claim for disqualification. The standards for disqualification of a judge are distinct from the standards for recusal, which are addressed in Ramsay's first issue. Under the Texas Constitution,

> No judge shall sit in any case where the judge may be interested, or where either of the parties may be connected with the judge, either by affinity or

9

consanguinity, within such a degree as may be prescribed by law, or when the judge shall have been counsel in the case.

TEX. CONST. art. V, § 11.

And under Rule 18b of the Texas Rules of Civil Procedure, a judge is disqualified in a proceeding if:

(1) the judge has served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter;

(2) the judge knows that, individually or as a fiduciary, the judge has an interest in the subject matter in controversy; or

(3) either of the parties may be related to the judge by affinity or consanguinity within the third degree.

TEX. R. CIV. P. 18b(a).

None of Ramsay's contentions allege any of these legally recognized grounds for constitutional disqualification of a trial judge. Therefore, we conclude that Ramsay has failed to demonstrate that Judge Smith was disqualified to preside over the case. We overrule Ramsay's fourth issue.

Conclusion

We affirm the trial court's judgment.

Judy C. Parker
Justice

Quinn, C.J., concurs in the result.

10